| | |
|---|---|
| RAMON A. GARCIA,<br>    *Plaintiff*, | :<br>:<br>: |
| v. | :    No. 3:17-cv-2068 (KAD) |
| | : |
| JOHN DOE, et al.<br>    *Defendants*. | :<br>:    November 21, 2018 |

# MEMORANDUM OF DECISION RE:
# MOTION OR SUMMARY JUDGMENT (ECF 19)

**Preliminary Statement**

On November 27, 2017, the plaintiff, Ramon A. Garcia ("Garcia"), a former inmate with the Connecticut Department of Corrections ("DOC"), filed a complaint *pro se* under 42 U.S.C. § 1983 against six DOC and Correctional Managed Health Care employees for acting with deliberate indifference to his serious medical needs, in violation of his Eighth Amendment protection against cruel and unusual punishment, and for retaliating against him for filing a grievance, in violation of his First Amendment rights. After reviewing the complaint, the court permitted the plaintiff's Eighth Amendment claim to proceed against Nurse Joy Burns and Nurse Hollie Good and the First Amendment claim to proceed against Counselor Supervisor Deloris Blanchard.

On September 25, 2018, the defendants each moved for summary judgment averring that there is no genuine issue of material fact with respect to any of the claims brought by the plaintiff and that they are entitled to judgment as a matter of law. The plaintiff's opposition to the defendants' motion was due by October 16, 2018. He has not

filed any opposition or response to the defendants' motion.[1] For the following reasons, the defendants' motion is GRANTED in its entirety.

**Standard of Review**

When seeking summary judgment, the moving party bears the burden to establish that there are no genuine issues of material fact in dispute and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law" and is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" based upon it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party may satisfy this burden "by showing – that is pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (*per curium*) (internal quotations omitted; citations omitted).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits and "demonstrates the absence of a genuine issue of material fact," the nonmoving party must do more than vaguely assert the existence of some unspecified disputed material facts or "rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (citation omitted). The nonmoving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Id.*

In reviewing the parties' submissions, the Court must "construe the evidence in the light most favorable to the non-moving party and to draw all reasonable inferences in

---

[1] Local Rule 7(b) provides that "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." Although, in the court's view, the pleadings do not provide sufficient cause to deny the defendants' motion, the court addresses the substantive claims contained in the plaintiff's complaint.

its favor." *Gary Friedrich Enters., L.L.C. v. Marvel Characters, Inc.*, 716 F.3d 302, 312 (2d Cir. 2013) (citation omitted). If there is any evidence from which a reasonable factual inference could be drawn in favor of the non-moving party for the issue on which summary judgment is sought, then summary judgment is improper. *See, Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

Where one party is proceeding *pro se*, the Court must read his papers liberally and interpret them "to raise the strongest arguments that they suggest." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (internal quotation marks and citation omitted). Despite this liberal interpretation, however, "[u]nsupported allegations do not create a material issue of fact" and cannot overcome a properly supported motion for summary judgment. *See, Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000), *cert. denied*, 540 U.S. 811 (2003).

**Undisputed Material Facts**[2]

In December 2015, the plaintiff was confined at the MacDougall-Walker Correctional Institution ("MWCI") in Suffield, Connecticut. On December 21, 2015, he was transported from MWCI to the UConn Medical Center for oral surgery. Following surgery, the dentist, Dr. A Stiles, prescribed for the plaintiff five milligrams of Percocet to be taken every six hours to alleviate his pain. Later that day, at 5:50 p.m., the plaintiff received a five milligram dose of oxycodone and a 325 milligram dose of acetaminophen.

---

[2] The court draws these facts from the defendants' Local Rule 56(a)1 Statement as well as the documentary and testimonial evidence submitted. Rule 56(a)1 of the District of Connecticut Local Rules of Civil Procedure provides that "[a]ll material facts set forth in [the moving party's Local Rule 56(a)1 Statement] and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2." Because the plaintiff has not opposed the motion for summary judgment with a Local Rule 56(a)2 Statement to counter the facts stated in the defendants' Local Rule 56(a)1 Statement, the court deems admitted the facts submitted by the defendants.

Shortly thereafter, at 6:00 p.m., he was transported back to MWCI. Per Dr. Stiles' order, the plaintiff was not due another dose of pain medication until 11:50 p.m., six hours after his 5:50 p.m. dosage. At approximately 12:05 p.m. on December 22, the plaintiff received another dose of oxycodone from MWCI medical staff. Records at MWCI show that medication was also withdrawn for the plaintiff at 11:35 p.m. on December 22 and at 5:37 p.m. on December 23.

In December 2015, there were several nurses employed at MWCI each having different assignments and responsibilities. One nurse, the designated medication nurse, was assigned the responsibility of processing prescriptions and dispensing medications for inmates. Defendant Nurse Good, who is alleged to have withheld medication from the plaintiff, was never assigned as the medication nurse at MWCI. Generally, her responsibilities entailed examining inmates and handling paperwork for out-of-facility medical treatment. Defendant Good does not recall speaking with the plaintiff on December 22, 2015.

On December 28, 2015, at 6:50 p.m., the plaintiff's cell mate was complaining of flu-like symptoms. As a result, the plaintiff and his cellmate were placed in a medical quarantine by MWCI medical staff. Pursuant to the order, neither the plaintiff nor his cellmate were permitted to exit their cell except for showers and telephone calls. Of import, defendant Blanchard had no role in the decision to place the plaintiff and his cellmate on quarantine status. Further, she does not recall any interaction with the plaintiff in the days that followed. On December 29, 2015, Blanchard toured the plaintiff's housing unit and made a notation in the log book concerning the quarantine order. The quarantine status was lifted on January 4, 2016.

**Discussion**

"The Eighth Amendment forbids deliberate indifference to serious medical needs of prisoners." *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (internal quotation marks and citation omitted). The protection also applies to a prisoner's serious dental needs. *See Harrison v. Barkley*, 219 F.3d 132 (2d Cir. 2000). To prevail on a claim for deliberate indifference to a serious medical or dental need, the plaintiff must show both that his need was serious and that defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle*, 429 U.S. at 105). The plaintiff must first demonstrate that the alleged deprivation of adequate medical care was sufficiently serious. This is an objective inquiry and requires the court to determine, first, "whether the prisoner was actually deprived of adequate medical care" and, second, "whether the inadequacy in medical care is sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006). A condition is considered serious if "a reasonable doctor or patient would find [it] important and worthy of comment," the condition "significantly affects an individual's daily activities," or if it causes "chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quotation marks omitted). Where, as here, "the basis for a prisoner's Eighth Amendment claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged *delay* or *interruption* in treatment rather than the prisoner's *underlying medical condition* alone in analyzing whether the alleged deprivation is, in objective terms, sufficiently serious, to support an Eighth Amendment claim." *Smith*, 316 F.3d at 185 (emphasis in original; internal quotations omitted).

Subjectively, the plaintiff must establish that the defendant had a sufficiently culpable state of mind by showing that the defendant was actually aware of a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions. *See Salahuddin*, 467 F.3d at 279-80. The act complained of must "shock[] the conscience" by constituting a "[a] complete denial of, or intentional effort to delay access to, medical care, or a reckless or callous indifference" to the plaintiff's well-being. *See McCloud v. Delaney*, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (quoting *United States ex rel. Hyde v. McGinnis*, 429 F.2d 864 (2d Cir. 1970); citing *Harding v. Kuhlmann*, 588 F. Supp. 1315 (S.D.N.Y. 1984)).

Here, the plaintiff alleged that Burns and Good acted with deliberate indifference to his dental needs by refusing to provide him with his post-surgical pain medication prescribed by Dr. Stiles despite his complaints of excessive pain and swelling. Specifically, the plaintiff alleged that, a few hours after returning to MWCI from his oral surgery, he complained to correctional staff about experiencing pain and excessive swelling, but Nurse Burns refused to provide him with the post-surgical medication ordered by Dr. Stiles.

However, the defendants' established that medication was administered to the plaintiff at 5:50 p.m. on December 21, the day of his oral surgery, twice on December 22, and once on December 23. Although the medication regimen did not strictly adhere to Dr. Stiles' order for pain medication to be administered every six hours, there is no evidence that the delays in the plaintiff receiving his medication were the result of deliberate indifference to his dental needs by either Nurse Burns or Nurse Good. Moreover, any refusal by Nurse Burns to provide him his post-surgical medication at

9:00 p.m. on December 21, 2015, would have conflicted with Dr. Stiles' order because the plaintiff had already received the same medication at 5:50 p.m.

In addition, Nurse Good established that she was not personally involved in dispensing medication to the plaintiff or any inmate at MWCI. "It is well settled . . . that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (plaintiff must plead that each government official, through his own actions, violated the Constitution). *See also*, *Gronowski v. Spencer*, 424 F.3d 285, 293 (2d Cir. 2005)("[A] plaintiff must show … that the defendant was personally involved—that is, he directly participated—in the alleged constitutional deprivations."). Accordingly, the motion for summary judgment as to claims brought against Nurse Burns and Nurse Good is GRANTED.

Lastly, the plaintiff alleged that Blanchard's decision to "lock [him] inside [his] cell for a week straight in retaliation" for a written grievance he submitted regarding his oral health problems violated his First Amendment right to free speech. In light of the undisputed facts found above, this claim fails as a matter of law.

It is well-established that prison officials may not retaliate against inmates for exercising their First Amendment rights. *See Gill v. Pidlypchak,* 389 F.3d 379, 380 (2d Cir. 2004); *Riddick v. Arnone*, No. 3:11-CV-631 (SRU), 2012 WL 2716355, at *6 (D. Conn. Jul. 9, 2012). To succeed on a First Amendment retaliation claim, an inmate must establish "(1) that the speech or conduct at issue was protected, (2) that **the defendant took adverse action** against the plaintiff, and (3) that there was a causal connection

between the protected speech and the adverse action." (emphasis added.) *Id; Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014). In order to allege causation, the inmate must state facts "suggesting that the protected conduct was a substantial or motivating factor in the prison official's decision to take action against [him]." *Moore v. Peters*, 92 F. Supp. 3d 109, 121 (W.D.N.Y. 2015) (quoting *Burton v. Lynch*, 664 F. Supp. 2d 349, 367 (S.D.N.Y. 2009)).

Fatal to the plaintiff's claim is that Blanchard has established that it was not her decision to place the plaintiff in medical quarantine on December 28, 2015. There is no genuine issue of material fact therefore that this defendant did not take adverse action against the plaintiff. *See Gill v. Pidlypchak,* 389 F.2d at 380; *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994)("the personal involvement of [the named] defendants in [the] alleged constitutional deprivations is a prerequisite to an award of damages under section 1983"). *See also*, *Gronowski v. Spencer*, 424 F.3d 285, 293 (2d Cir. 2005)("[A] plaintiff must show … that the defendant was personally involved—that is, he directly participated—in the alleged constitutional deprivations.") "Direct participation as a basis of liability in this context requires intentional participation in the conduct constituting a violation of the victim's rights by one who knew of the facts rendering it illegal." (Internal quotation marks omitted.) *Id. citing, Provost v. City of Newburgh,* 262 F.3d 146, 155 (2d Cir.2001).[3]

Accordingly, the motion for summary judgment as to Blanchard is granted.

---

[3] The court further notes that the evidence establishes that the decision was made for medical reasons, and so was not causally connected to the plaintiff's grievance regardless of whose decision it was.

For all of the foregoing reasons, the defendants' collective motion for summary judgment (Doc. No. 19) is GRANTED in its entirety. The clerk is directed to enter judgment in favor of the defendants and close this case.

It is So Ordered.

Dated this 21st day of November 2018 at Bridgeport, Connecticut.

_____/s/_____
Kari A. Dooley
United States District Judge